UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────

FRED E. VAN GORDER,
                      Petitioner,

              -v.-                                  9:08-CV-0442
                                                      (NAM)(DEP)
A. BOUCAUD, *et al.*,
                      Respondents.
───────────────────────────────

APPEARANCES:

Fred E. Van Gorder
98-B-1978
Altona Correctional Facility
555 Devils Den Road
Altona, NY 12910
Petitioner, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## **DECISION and ORDER**

**I.    Background**

The Clerk has sent to the Court an amended petition for a writ of habeas corpus brought by petitioner Fred E. Van Gorder pursuant to 28 U.S.C. § 2254. Dkt. No. 4. Plaintiff filed the amended petition in accordance with this Court's order dated May 20, 2008 ("May Order").[1] Dkt. No.3. In his original petition, Van Gorder complained of the alleged unconstitutionality of several parole determinations arising in February of 2003, February of 2005, and February of 2007, which resulted in the denial of his parole. Dkt. No. 1 at 6-7. Additionally, plaintiff alleged that he was improperly denied five (5) years of Good Time Credit ("GTC") for refusing to participate in the Sex Offender Treatment Program. *Id.* at 7. Given that

---

[1] The Court notes that Van Gorder has amended his original petition to set forth allegations purportedly arising under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. *See* Amended Petition (Dkt. No. 4) at 1. This particular amendment, however, is not significant in terms of petitioner's overall failure to comply with this Court's May Order.

petitioner failed to contend that he commenced an Article 78 proceeding or any other state court challenge to the parole determinations or the denial of GTC, the Court advised him to file an amended petition demonstrating his attempts, if any, to exhaust his state court remedies. Dkt. No. 3 at 4. The Court further advised petitioner that his failure to file a response detailing which state court remedies he pursued, the date(s) on which he properly filed such applications, and when they were denied, would result in the dismissal of this action. *Id.*

## II.     Amended Petition

In his amended petition, Van Gorder appears to concede that he indeed failed to exhaust his state court remedies prior to commencing the present action. Rather, petitioner contends that the Court should consider that his administrative appeals satisfied the exhaustion requirement because an Article 78 proceeding was not capable of providing him with the remedy he seeks, *i.e.*, release from incarceration. Amended Petition (Dkt. No. 4) at 6-9. The Court disagrees.

"To exhaust a denial of parole under New York law, the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78. If the Article 78 petition is denied, the petitioner must appeal that denial to the highest state court capable of reviewing it." *Scales v. New York State Div. of Parole*, 396 F.Supp.2d 423, 428 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). "The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile." *Oliphant v. Dep't of Corr.*, No. 3:04CV470, 2006 WL 2432276, at *4 (D. Conn. Aug. 18, 2006) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). Indeed, as one district court within this Circuit has noted, "when a prisoner's *diligent efforts* to exhaust in the state court have been unduly

frustrated . . . the prisoner need not take additional steps in the state court before he may be heard in the federal courts." *Crawford v. Artuz*, 116 F. Supp. 2d 442, 445 (S.D.N.Y. 2000) (emphasis added).

The record is devoid of any evidence to support an exception to the exhaustion requirement in this instance. Petitioner had the opportunity to redress his parole determinations and loss of GTC through the commencement of an Article 78 proceeding but failed to make a concerted effort to this end. Initially believing that an Article 78 proceeding could grant release, petitioner indicates that he sought assignment of counsel to assist him in commencing the proceeding from the Clinton County Court, which subsequently assigned Cheryl Maxwell, Esq. to him. Amended Petition (Dkt. No. 4) at 8. According to petitioner, Ms. Maxwell has abandoned petitioner and refuses to respond to his inquiries. *Id.* Petitioner, however, admits that he could file an Article 78 proceeding *pro se*, although he assumes that the statute of limitations has foreclosed his window of opportunity in this regard. Amended Petition (Dkt. No. 4), Attachment at 13. Whether a party ultimately prevails during the appellate process "is separate and distinct" from whether a habeas petitioner has actually attempted to exhaust his state court remedies. *Jenkins v. Duncan*, No. 02-CV-673, 2003 WL 22139796, at *5 (N.D.N.Y. Sept. 16, 2003) (Sharpe, M.J.), *adopted*, No. 02-CV-673, Dkt. No. 18 (N.D.N.Y. Jan. 20, 2004) (Kahn, D.J.). Regardless of whether Van Gorder thought the commencement of an Article 78 proceeding would be barred by the statute of limitations, it was incumbent upon him to undertake diligent efforts to initiate the proceedings prior to commencing the instant habeas petition. Petitioner has not convinced this Court that the state corrective procedure is so clearly deficient that any attempt to obtain relief would be futile. The Court therefore concludes that the circumstances in this case warrant dismissal of Van Gorder's petition for failure to exhaust his available state court remedies.

**WHEREFORE**, it is therefore hereby

**ORDERED** that Van Gorder's petition is DISMISSED, without prejudice; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on the petitioner in accordance with this Court's Local Rules.

Dated:  July 22, 2008
        Syracuse, NY

_____
Norman A. Mordue
Chief United States District Court Judge